UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LOUISIANA WORKERS'
COMPENSATION CORPORATION

VERSUS

AMERICAN INTERSATE INSURANCE
COMPANY

CIVIL ACTION

NO. 16-190-JJB-EWD

### RULING

This matter is before the Court on a Motion to Dismiss (Doc. 5) for lack of subject matter jurisdiction, brought by the defendant American Interstate Insurance Company ("American Interstate"). The plaintiff, Louisiana Workers' Compensation Corporation ("LWCC"), filed an opposition (Doc. 9) and the defendant filed a reply brief (Doc. 12). Oral argument is unnecessary. For the reasons stated herein, the defendant's Motion to Dismiss (Doc. 5) is **GRANTED**.

**I.   BACKGROUND**

This case involves a primary employer, Original USA General Labor, LLC ("Original USA") and a secondary employer, A-Port. Original USA was insured by American Interstate in accordance with the Longshore and Harbor Workers' Compensation Act ("LHWCA"). *Def.'s Supp. Mem.* 2–3, Doc. 5-1. A-Port was insured by LWCC. *Id.* at 2. The two employers entered a contract in which Original USA acted as a hiring agency, supplying A-Port with employees. *Id.* at 7 (citing Ex. I at 1).

The contract between the employers declared Original USA the provider of General Liability and Workers' Compensation Insurance for all Original USA employees. *Pl.'s Opp'n* 3, Doc. 9 (citing Ex. C at 1). The contract included an "Alternate Employer Endorsement" stating that Original USA's policies applied as though the alternate employer—A-Port—was also insured by American Interstate. *Id.* at 2 (citing Ex. D at 19). American Interstate agreed to not "ask any

1

other insurer of the alternate employer to share with [American Interstate] a loss covered by this endorsement." *Id.* at 3 (citing Ex. D at 19).

Subsequent to the contract, Original USA employed and insured Willie Walton ("Walton"). *Def.'s Supp. Mem.* 2, Doc. 5-1. While alternately employed by A-Port, Walton was involved in an accident on A-Port property. *Id.* Walton brought a tort claim against A-Port and others in the 21st Judicial District Court in October of 2013 ("Walton Litigation"). *Id.*

In the Walton Litigation, A-Port sought immunity from Walton's tort claim under the Alternate Employment Endorsement. The endorsement contained the language "alternate employer," and the LHWCA only accounts for "borrowed employers." *Pl.'s Opp'n* 2, Doc. 9. The trial court awarded A-Port borrowed employer status. *Id.* As a borrowed employer, A-Port received immunity from the tort claim and was dismissed from the suit. *Id.* (citing Ex. B at 1).[1]

Following A-Port's dismissal, American Interstate demanded A-Port and LWCC reimburse the benefits paid under the LHWCA and assume liability for all future benefits. *Def.'s Supp. Mem.* 2–3, Doc. 5-1. Neither A-Port nor LWCC replied to the demands.[2] *Id.* at 3. In March of 2016, American Insurance e-mailed LWCC, indicating they would file a third-party demand in seven days. *Id.* On the sixth day, LWCC filed their Declaratory Judgment Action in this Court to determine if the Alternate Employer Endorsement covers A-Port as a LHWCA borrowed employer. *Id.* at 3–4; *Pl.'s Opp'n* 3, Doc. 9.

---

[1] American Interstate appealed A-Port's borrowed employer status, but the Louisiana First Circuit Court of Appeals upheld the status in September of 2015. *Def.'s Supp. Mem.* 2, Doc. 5-1.
[2] This is the first time LWCC would be named as a defendant in the tort claim since it began in October of 2013. *Id.* at 3.

2

American Interstate now seeks dismissal of LWCC's Declaratory Judgment Action by this Court for lack of federal question subject matter jurisdiction, or alternatively, it moves the court abstain from ruling on the case at bar.[3] *Def.'s Supp. Mem.* 1, Doc. 5-1.

## II.  DISCUSSION

This court is one of limited jurisdiction and must have subject matter jurisdiction over any case it hears. 5B Charles A. Wright & Arthur R. Miller et al., Federal Practice & Procedure § 1350 (3d ed. 2016). The plaintiff has the burden of establishing jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013).

Federal district courts are vested with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For purposes of § 1331, an action can "arise under" federal law in two ways: In a well-pleaded complaint, (1) the party asserts a federal cause of action,[4] or (2) the party asserts a state cause-of-action claim that necessarily raises "a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[5] Under the second avenue, a federal court can exercise federal question jurisdiction over a state-law claim if: "(1) the state-law claim raises a substantial federal issue; (2) the parties actually dispute the federal issue; and (3) exercising jurisdiction over the particular category of cases will not disturb any 'congressionally approved balance of federal and state judicial responsibilities.'" *Venable*, 740 F.3d at 942.

---

[3] LWCC does not claim complete diversity subject matter jurisdiction; it asserts only "federal question" jurisdiction in paragraph 3 of the Complaint. *Id.* at 4.
[4] *See Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916).
[5] *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

In the instant case, it is clear that LWCC does not assert a federal cause of action arising under the LHWCA. Instead, LWCC argues that a substantial federal question arises because its right to relief depends on a resolution of a substantial federal question. *See Pl.'s Opp'n* 7, Doc. 9. According to LWCC, the federal issue arises from the need for the court to: (1) interpret the contract between the two employers, Original USA and A-Port, and (2) interpret whether A-Port is covered as Walton's borrowed employer (pursuant to the LHWCA coverage) under the Alternate Employer Endorsement included in American Interstate's policy. *Id.* at 2. According to LWCC, the reference to the Alternate Employer Endorsement creates a federal issue, and the LHWCA necessarily raises a federal question because it preempts state law. *Id.* at 6–10.

The Court finds that the plaintiff has failed to demonstrate how the contract interpretation issues presented by this case create a federal issue under the LHWCA. Although it is not clearly stated by either party, the Court finds that the salient issues presented by this case "arise under" the contracts between Original USA, A-Port, and American Insurance. In support of its argument that these contracts must be interpreted in light of the LHWCA, LWCC cites to several provisions of the LHWCA. *See id.* at 5, 9–10 (citing §§ 902, 905(a), 932, 935, & 938(a)). From reading these provisions, it is unclear how these provisions affect the interpretations of the applicable contracts. Moreover, LWCC failed to explain how these provisions have any bearing on either of the two contract interpretation issues that LWCC asserts are presented by this case.

Additionally, LWCC cites to an unpublished Fifth Circuit case for the proposition that the LHWCA completely preempts state law in the field, and therefore the complaint necessarily creates a federal question. *Id.* at 7 (quoting *Nadheer v. Ins. Co. of Pa.*, 506 F. App'x 297, 300 (5th Cir. 2013)). The cases cited by the plaintiff merely stand for the proposition that the LHWCA preempts any state law remedies that an aggrieved employee might have against his employer or

insurer because the LHWCA provides the exclusive remedy. Those cases do not stand for the proposition that the LHWCA necessarily creates federal question jurisdiction in a dispute between insurers over the interpretation of a contract. While the LHWCA arguably constitutes a federal element within the overall dispute, the purported LHWCA question of law does not elevate the entire case to the level of federal question subject matter jurisdiction.

Because LWCC has failed to carry its burden of proving there is a federal issue, the Court finds it does not have subject matter jurisdiction and does not have authority to hear this case.

### III.  CONCLUSION

For the reasons stated above, the defendant's Motion to Dismiss (Doc. 5) is **GRANTED**.

Signed in Baton Rouge, Louisiana, on June 15, 2016.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**